## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**JEREMY TURLEY,**
**Claimant Below, Petitioner**

**vs.)    No. 21-0649** (BOR Appeal No. 2056521)
                         (Claim No. 2020023135)

**BLACKHAWK MINING,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Jeremy Turley, by Counsel William B. Gerwig III, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Blackhawk Mining, by Counsel Jeffrey B. Brannon, filed a timely response.

The issue on appeal is compensability. The claims administrator rejected the claim on April 24, 2020. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decision in its March 19, 2021, Order. The Order was affirmed by the Board of Review on July 22, 2021.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W. Va. Code § 23-5-15, in relevant part, as follows:

(c) In reviewing a decision of the Board of Review, the Supreme Court of Appeals shall consider the record provided by the board and give deference to the board's findings, reasoning, and conclusions . . . .

(d) If the decision of the board represents an affirmation of a prior ruling by both the commission and the Office of Judges that was entered on the same issue in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of constitutional

1

or statutory provision, is clearly the result of erroneous conclusions of law, or is based upon the board's material misstatement or mischaracterization of particular components of the evidentiary record. The court may not conduct a de novo reweighing of the evidentiary record . . . .

*See Hammons v. W. Va. Off. of Ins. Comm'r,* 235 W. Va. 577, 582-83, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. West Virginia Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a de novo standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. W. Va. Off. of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

Mr. Turley, a fire boss, alleges he suffered a lower back injury while exiting a mantrip on April 13, 2020. The Employees' and Physicians' Report of Injury, completed on April 15, 2020, indicates Mr. Turley sustained the occupational injuries of lumbar and sacroiliac sprains on April 13, 2020. An April 15, 2020, treatment note from St. Mary's Medical Center indicates Mr. Turley developed low back pain while getting out of a mantrip at work. He stated that the machine sits very low to the ground. Mr. Turley reported that the pain in his low back radiated into his right leg and had progressively worsened. He was diagnosed with lumbar sprain and acute low back pain. An Employers' Report of Injury was completed on April 18, 2020, indicating Mr. Turley was injured on April 13, 2020. The employer was notified the same day and indicated it had no reason to question the injury.

In an April 20, 2020, treatment note, Allen Young, M.D., stated that Mr. Turley was referred for a consultation for his occupational injury. He diagnosed lumbar and sacroiliac sprains. The claims administrator rejected the claim on April 24, 2020. Mr. Turley returned to Dr. Young for moderate pain in the right lower back that radiated to the thigh on April 27, 2020. The assessments remained lumbar and sacroiliac sprains. On May 6, 2020, Mr. Turley stated that he still had pain but had started physical therapy and was doing better. On June 10, 2020, Mr. Turley continued to have moderate back pain that radiated to the right thigh.

The Office of Judges affirmed the claims administrator's rejection of the claim in its March 19, 2021, Order. It found that Mr. Turley's account of the injury was consistent. He reached out to grab a bar to pull himself up and felt a pop in his lower back when he stood. The Office of Judges concluded that Mr. Turley sustained an injury in the course of his employment. The issue was whether the injury occurred as a result of Mr. Turley's employment. The Office of Judges determined that Mr. Turley failed to show a sufficient connection between his employment and his lumbar spine condition. The Board of Review affirmed the Office of Judges' Order on July 22, 2021.

After review, we find that the Board's decision is incorrect. For an injury to be compensable it must be a personal injury that was received in the course of employment, and it must have resulted from that employment. *Barnett v. State Workmen's Comp. Comm'r*, 153 W. Va. 796, 172 S.E.2d 698 (1970). Mr. Turley has shown by a preponderance of the evidence that he was injured in the course of and resulting from his employment. Mr. Turley stated that he was exiting a man trip, which was low to the ground, when he felt a pop in his lower back. To exit the

2

man trip, Mr. Turley reached up to grasp a bar and pull himself to his feet. Such action caused the injury to his lower back. Exiting a low to the ground machine is not an ordinary action of living. Mr. Turley clearly sustained lumbar and sacroiliac strains in the course of and resulting from his employment. We therefore reverse and remand the case with direction to hold the claim compensable for lumbar and sacroiliac sprains.

Reversed and Remanded.

**ISSUED: April 5, 2023**

**CONCURRED IN BY:**

Chief Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton

**DISSENTING:**

Justice C. Haley Bunn

BUNN, Justice, dissenting:

I dissent to the majority's resolution of this matter because I would have set this case for Rule 19 oral argument to thoroughly address the error alleged in this appeal. Having reviewed the briefs, as well as the issue raised therein, I believe a formal opinion of this Court was warranted—not a memorandum decision. Accordingly, I respectfully dissent.